

NUMBERS 13-12-00011-CR & 13-12-00012-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GERALD SMITH JR.,                                        Appellant,

v.

THE STATE OF TEXAS,                                     Appellee.

### On appeal from the 319th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Benavides

In Cause No. 13-12-00011-CR, Gerald Smith, Jr, appellant, pleaded guilty to unlawful possession of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (West Supp. 2011). He was sentenced to ten years' imprisonment in the Texas

Department of Criminal Justice—Institutional Division, suspended, and given ten years of community supervision. Motions to revoke probation were filed setting forth various violations of conditions of his probation including several urinalysis testing positive for cocaine. Smith pleaded true to some but not all violations, his community supervision was revoked, and he was sentenced to ten years' imprisonment in the Texas Department of Criminal Justice—Institutional Division, the sentence to run concurrently with Cause No. 13-12-00012-CR.

In Cause No. 13-12-00012-CR, Smith pleaded guilty to aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West Supp. 2011). He was sentenced to ten years' imprisonment in the Texas Department of Criminal Justice—Institutional Division, deferred, and given ten years of community supervision. Motions to revoke probation were filed setting forth various violations of conditions of his probation, including several urinalysis testing positive for cocaine. Smith pleaded true to some but not all violations, his community supervision was revoked, and he was sentenced to ten years' imprisonment in the Texas Department of Criminal Justice—Institutional Division, the sentence to run concurrently with Cause No. 13-12-00011-CR.

Smith's appellate counsel, concluding that "there are no arguable grounds to be advanced on appeal," filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. DISCUSSION

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that his review

of the record yielded no grounds or error upon which an appeal can be predicated. Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response within thirty days.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response. *See In re Schulman, 252* S.W.3d at 409.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise

4

appellant of his right to file a petition for discretionary review.[2]   *See* TEX. R. APP. P. 48.4.


_____

GINA M. BENAVIDES,
Justice


Do not publish.
TEX. R. APP. P.47.2 (b).

Delivered and filed the
5th day of September, 2013.

---

[2] No substitute counsel will be appointed.   Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.   Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3, 68.7.   Furthermore, any petition for discretionary review should comply with the requirements of Rule 68.3 of the Texas Rules of Appellate Procedure.   *See* TEX. R. APP. P. 68.3."